**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERICK OSWALDO OSORIO LIMA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   13-73555

Agency No. A072-536-295

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Erick Oswaldo Osorio Lima, a native and citizen of Guatemala, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his motion to reopen deportation

proceedings conducted in absentia.  Our jurisdiction is governed by 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Osorio Lima's motion to reopen as untimely. Osorio Lima filed his motion more than 17 years after his final order of removal, and the record reflects that he was personally served the Notice of Hearing, which contained the date and location of his June 26, 1995 hearing. *See* 8 C.F.R. § 1003.23(b)(1) & (b)(4)(iii)(A)(2); 8 U.S.C. § 1252b(a)(2)(A) (1994) (notice of hearing shall be given in person or, if personal service is not practicable, sent by certified mail); *Matter of M-S-*, 22 I. & N. Dec. 349, 356-57 (BIA 1998) (a motion to reopen an in absentia order to apply for new forms of relief is subject to the 90-day motion to reopen deadline); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

Osorio Lima's contention that the agency relied on factual and legal errors in denying the motion is not supported by the record.

Osorio Lima's contention that the agency violated due process by denying his motion before he could file supplemental documentation fails for lack of

prejudice, where he did not represent what evidence he intended to submit. *See Lata* at 1246.

We lack jurisdiction to consider Osorio Lima's unexhausted contention regarding his eligibility for an I-130 visa petition. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (this court lacks jurisdiction to consider claims not raised before the agency in administrative proceedings).

In light of our disposition, we do not reach Osorio Lima's remaining contentions regarding his prima facie eligibility for relief.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**